UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARILYN THONN, ET AL.**                                                                              **CIVIL ACTION**

**VERSUS**                            **No. 11-2123**

**MLH REALTY, LLC, ET AL.**                        **SECTION I**

## ORDER

Before the Court is a motion[1] filed by plaintiffs, Marilyn Thonn and Jacob Thonn, for leave to file a supplemental witness list naming Don Barnes, an engineer, as an expert witness. Defendants, Winn-Dixie Montgomery, LLC and MLH Realty, LLC, have filed an opposition.[2]

On August 25, 2011, plaintiffs filed this lawsuit alleging that a wheel on Marilyn Thonn's shopping cart hit a hole in a Winn-Dixie parking lot causing the cart to flip over and Mrs. Thonn to fall onto the cart and the pavement.[3] On May 9, 2012, this Court entered a scheduling order setting the deadline for submission of written reports of plaintiffs' experts on Friday, September 14, 2012, and the deadline for filing of witness and exhibit lists on Monday, October 15, 2012.[4] The scheduling order stated that "[t]he Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown."[5] The

---

[1] R. Doc. No. 37.

[2] R. Doc. No. 38.

[3] R. Doc. No. 1.

[4] R. Doc. No. 18.

[5] *Id.*

final pretrial conference was scheduled for Friday, December 14, 2012, and the trial was scheduled to begin on Monday, January 7, 2013.[6]

On October 30, 2012, this Court was informed that both parties had failed to file witness and exhibit lists in accordance with the scheduling order.[7] The Court ordered that the parties file their witness and exhibit lists by November 2, 2012, and the parties complied with that order.[8] Although the parties subsequently filed a joint motion to continue the trial in order to complete discovery, the motion was immediately denied.[9]

On November 26, 2012, plaintiffs filed this motion for leave to file a supplemental witness list naming Don Barnes, an engineer, as an expert witness.[10] Plaintiffs contend that Barnes was not included in their witness list "due to an uncertainty as to the necessity of his testimony and the pending trial date."[11] Defendants contend that the late addition will impede the progress of this litigation and that, if the motion is granted, a continuance would be necessary to allow them time to retain their own expert engineer.[12]

A trial court has broad discretion to preserve the integrity and purpose of its pretrial orders "which, toward the end of court efficiency, is to expedite pretrial procedure." *S & W Enters., L.L. C. v. South Trust Bank of Ala., N.A.,* 315 F.3d 533, 536 (5th Cir. 2003). The Fifth Circuit has set forth a four-part test governing the exercise of this Court's discretion in

---

[6] R. Doc. No. 18.

[7] R Doc. No. 29.

[8] R. Doc. Nos. 28, 29, and 30.

[9] R. Doc. Nos. 32 and 33.

[10] R. Doc. No. 37.

[11] *See id.*

[12] R. Doc. No. 38.

determining whether a movant has established good cause to extend the Court's scheduling deadlines. *See id.* The Court considers (1) the explanation for failing to meet the deadline; (2) the importance of the proposed expert's testimony; (3) potential prejudice in allowing the expert's testimony; and (4) the availability of a continuance to cure such prejudice. *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

In this case, plaintiffs have made no showing that, prior to the expiration of the deadline, they were diligent in discovering the need to include Barnes as an expert and that, despite such diligence, the deadline could not reasonably have been met. Moreover, plaintiff's explanation that Barnes was not initially listed "due to an uncertainty as to the necessity of his testimony" suggests a lack of importance as to his testimony. While plaintiffs also attempt to blame their failure on alleged uncertainty regarding the trial date, this Court never indicated that it would continue the trial date and, in fact, it expressly stated that it would not continue the trial date.[13] As a result, the first two factors weigh against permitting plaintiffs to supplement their witness list.

With respect to the third and fourth factors, the Court finds that defendants would be prejudiced by allowing plaintiffs to name an additional expert witness at this late stage of the proceedings. The deadline for plaintiffs to submit their expert reports to defense counsel expired more than two months ago, and the deadline to file witness and exhibit lists expired more than one month ago. Moreover, trial is now less than four weeks away. Allowing plaintiffs to name

---

[13] Any claimed uncertainty regarding the trial date is hardly a reason for failing to comply with a scheduling order in this case or in any case. Presumably, plaintiffs are referring to the fact that the Court allowed the parties to file witness and exhibit lists after they both failed to file them. However, the Court explicitly stated that "all other dates and deadlines remain in effect." The Court also immediately denied the parties' joint motion to continue trial. As a result, there was never any uncertainty with respect to the trial date.

Barnes as an expert would require expedited written and oral discovery in the shadow of the upcoming trial date, if it is possible to accomplish at all. Although a continuance could provide additional time to conduct such discovery, granting a continuance in light of plaintiffs' lack of diligence would result in unnecessary delay and expense, and "a continuance would not deter future dilatory behavior, nor serve to enforce . . . court imposed scheduling orders." *Geiserman*, 893 F.2d at 792. Accordingly, plaintiffs have failed to show good cause for allowing them to file their supplemental witness list and their motion is **DENIED**.

New Orleans, Louisiana, December 12, 2012.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**